IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

─────────────────────────────────────────────────────────

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

                    Cv. No. 03-2727-B/P
                    Cr. No. 00-20158(Ml)

DEWAYNE MORRIS,

    Defendant.

─────────────────────────────────────────────────────────

ORDER DENYING MOTION TO AMEND
ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

─────────────────────────────────────────────────────────

On August 9, 2003, Defendant, Dewayne Morris, Bureau of Prisons registration number 17461-076, filed a motion under 28 U.S.C. § 2255, seeking to set aside his convictions for violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c).

I. PROCEDURAL HISTORY

On August 29, 2000, a federal grand jury in the Western District of Tennessee returned a two-count indictment against Morris. The first count charged Defendant with possession of two hundred five grams of cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The second count charged him with carrying and using a firearm during and in relation to, and in furtherance of, a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). On February 2, 2001, pursuant to a written plea agreement, Morris appeared before District Judge Jon Phipps McCalla to enter a guilty plea to both counts of the indictment. On May 4,

2001, Judge McCalla conducted a sentencing hearing and entered judgment, sentencing the Defendant to a total of twenty-six years imprisonment, to be followed by a five-year period of supervised release.  Morris appealed his sentence and conviction which was affirmed by the Sixth Circuit.  United States v. Morris, No. 01-5635, 2002 WL 1774225 (6th Cir. July 31, 2002).

II.   MOTION TO AMEND

On November 29, 2004, Morris filed a motion to amend his pending § 2255 with a claim that his conviction and sentence violated the principles announced in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 125 S. Ct. 738 (2005).  The Sixth Circuit affirmed Defendant's conviction and sentence on July 31, 2002.  Because Defendant did not file a petition for writ of certiorari, his conviction became final on October 29, 2002, when the time for seeking such review expired.  See Clay v. United States, 537 U.S. 532 (2003).

The mandate of Fed. R. Civ. P. 15(a), that a court freely grant leave to amend when justice so requires, has been interpreted to allow supplementation and clarification of claims initially raised in a timely § 2255 motion.  See Anderson v. United States, No. 01-2476, 2002 WL 857742 at *3 (6th Cir. May 3, 2002); Oleson v. United States, 27 Fed. Appx. 566 (6th Cir. Dec. 14, 2001).  Morris' motion filed on August 9, 2003 was timely.  However, the time to amend to raise additional claims expired on October 29, 2003.

2

Once the statute of limitations has expired, allowing amendment of a petition with additional grounds for relief would defeat the purpose of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)(AEDPA).   Oleson, 27 Fed. Appx. at 571 (citing United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000)("[A] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired.")).[1]   To the extent Morris seeks to add new claims under these cases, his motions and claims are untimely and the issues therein are barred by the AEDPA statute of limitations.

Furthermore, to the extent Defendant seeks to supplement pending issues to seek relief under the principles enunciated in Blakely and Booker, such supplementation would be futile.   See Oleson, 27 Fed. Appx. at 570-71 n. 5 (6th Cir. 2001)(holding motions seeking to amend to retroactively apply Apprendi v. New Jersey, 530 U.S. 466 (2000), to initial § 2255 motions futile, because Apprendi was not retroactive in effect and citing United States v. Sanders, 247 F.3d 139, 146-51 (4th Cir. 2001)).   Morris cannot demonstrate that Blakely or Booker have been "made retroactively applicable to cases on collateral review."   28 U.S.C. § 2255.   New rules of constitutional criminal procedure are generally not applied to cases on collateral review.   Teague v. Lane, 489 U.S. 288 (1989).

---

[1]   See also United States v. Pittman, 209 F.3d 314, 317-18 (4th Cir. 2000)("The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c). . . . Such a broad view of 'relation back' would undermine the limitations period set by Congress in the AEDPA" (citing United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999)).

3

In <u>United States v. Booker</u>, although the Supreme Court determined that its holding in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), applies to the Sentencing Guidelines, <u>Booker</u>, 125 S. Ct. at 755-56, the Court also expressly stated that its holding must be applied to all cases on direct review. <u>Booker</u>, 125 S. Ct. at 769 (citing <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

The Sixth Circuit determined in <u>Humphress v. United States</u>, 398 F.3d 855 (6th Cir. 2005), that the rule of <u>Booker</u> does not fall within either exception of <u>Teague</u>. <u>Id.</u> at 863.

> First, the nonretroactivity rule "does not apply to rules forbidding punishment 'of certain primary conduct [or to] rules prohibiting a certain category of punishment for a class of defendants because of their status or offense.'" <u>Beard v. Banks</u>, 542 U.S. 406, 416 (2004)(quoting <u>Penry v. Lynaugh</u>, 492 U.S. 302, 330 (1989)). Because this exception is clearly inapplicable, we proceed directly to our analysis of <u>Teague</u>'s second exception. <u>Beard</u> succinctly explained the second <u>Teague</u> exception:

>> The second exception is for watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. We have repeatedly emphasized the limited scope of the second <u>Teague</u> exception, explaining that it is clearly meant to apply only to a small core of rules requiring observance of those procedures that . . . are implicit in the concept of ordered liberty. And, because any qualifying rule would be so central to an accurate determination of innocence or guilt [that is] unlikely that many such components of basic due process have yet to emerge, it should come as no surprise that we have yet to find a new rule that falls under the second <u>Teague</u> exception.

4

Beard, 492 U.S. at 417.

Humphress, 398 F.3d at 862.  Noting that the United States Supreme Court had never held that a new rule of criminal procedure falls within Teague's second exception, the Sixth Circuit concluded that the rule of Booker does not apply retroactively in collateral proceedings.  Humphress, 398 F.3d at 863.  Neither Blakely nor Booker provide Morris with a basis for relief in this proceeding.

Furthermore, to the extent that Morris seeks to argue that the career offender enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1 was improperly used to enhance his sentence under the holdings of Blakely and Booker, Almendarez-Torres v. United States, 523 U.S. 224 (1998), held that a § 4B1.1 career offender enhancement is the very type of recidivism enhancement that need not be charged and proved before a jury.  Id. at 239.  Despite Justice Thomas' concurrence in Shepard v. United States, 125 S. Ct. 1254, 1263-64 (2005), foreshadowing the demise of the Almendarez-Torres exception, for now Almendarez-Torres remains the law.  Thus, these recent decisions fail to provide Morris with any basis for relief.

Accordingly, it would be futile to allow Morris to amend or supplement his motion to vacate to seek retroactive application of Blakely or Booker.  The motions to supplement and to amend are hereby DENIED.

5

III. <u>ANALYSIS</u>

Defendant claims that counsel rendered ineffective assistance which rendered his guilty plea involuntary.  Specifically, he alleges that counsel was ineffective by failing to:

1. compel the Government to file the required 21 U.S.C. 851(a)(1) information to enhance his sentence;

2. challenge the sufficiency of the indictment which failed to set forth a statutory penalty under 21 U.S.C. § 841(b) for his drug trafficking offense;

3. require the Government to disclose favorable evidence in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1968); and

4. object to the district judge's belief that he had no authority to impose a lesser sentence.

<u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), establishes the standard for an ineffective assistance claim.  The Defendant must show:

1. deficient performance by counsel; and
2. prejudice to the defendant from the deficient performance.

<u>Id.</u> at 687.  To demonstrate prejudice in the course of a conviction entered on a guilty plea, a movant must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u>  Additionally, however, in analyzing prejudice,

the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial.  Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated.

6

Lockhart v. Fretwell, 506 U.S. 364, 368 (1993)(citing United States v. Cronic, 466 U.S. 648, 658 (1984)).  "Thus an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."  Lockhart v. Fretwell, 506 U.S. at 369.

A prisoner attacking his conviction bears the burden of establishing that he suffered some prejudice from his attorney's ineffectiveness.  Lewis v. Alexander, 11 F.3d 1349, 1352 (6th Cir. 1993); Isabel v. United States, 980 F.2d 60, 64 (1st Cir. 1992).  "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant."  Strickland, 466 U.S. at 697.  In evaluating an ineffective assistance claim, the Court should not second guess trial counsel's tactical decisions.  Adams v. Jago, 703 F.2d 978, 981 (6th Cir. 1983).  If a reviewing court can determine lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient.  Id. at 697.  See also United States v. Haddock, 12 F.3d 950, 955 (10th Cir. 1993).

<u>Issue One</u>

Morris challenges counsel's failure to object to his sentence, arguing that the Government did not file an information giving him notice of what prior convictions would be used to enhance his sentence as required under the Controlled Substances Act, 21 U.S.C. § 851(a)(1).  No information was filed, however, because the notice provisions of § 851 are completely distinct from the calculations of sentences under the career offender guidelines and a court can

impose a sentence under those guidelines without the Government filing the statutory enhancement notice.. See, e.g., United States v. Mans, 999 F.2d 966,969 (6th Cir. 1993); United States v. Roberts, 986 F.2d 1026, 1033 (6th Cir. 1993); United States v. Meyers, 952 F.2d 914, 919 (6th Cir. 1992). Thus, counsel's failure to raise this issue at sentencing or on appeal did not constitute deficient performance. Morris has failed to demonstrate that his attorney's actions caused his sentence to be fundamentally unfair or unreliable. This Sixth Amendment claim of ineffective assistance at sentencing is without merit and is DENIED.

<u>Issue Two</u>

Defendant further contends counsel was ineffective by failing to advise him that his indictment was defective because it failed to allege the statutory penalty for his drug trafficking offense. The "sufficiency of an indictment cannot be questioned on a motion under Section 2255 unless it is so defective on its face as not to charge an offense under any reasonable construction." Eisner v. United States, 351 F.2d 55, 56 (6th Cir. 1965). An indictment only affects the Court's jurisdiction if it is so insufficient that it completely fails to charge an offense. United States v. Prince, 868 F.2d 1379, 1384 (5th Cir. 1989). Cf. United States v. Addonizio, 442 U.S. 178, 185 (1979)(error only cognizable under § 2255 if it affects court's jurisdiction, constituting a fundamental defect that results in a complete miscarriage of justice); United States v. Rivera, 879 F.2d 1247, 1251 (5th Cir. 1989)(to challenge defect in indictment by § 2255 motion, indictment must fail to state any

8

offense at all so that defect is jurisdictional); <u>United States v.</u>
<u>Morales-Rosales</u>, 838 F.2d 1359, 1361 (5th Cir. 1988)(same).

At the time Morris pled guilty and also during the time his
case was on direct appeal, the applicable Sixth Circuit law held
that <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), by its terms
applies only where the finding "increases the penalty for a crime
beyond the prescribed statutory maximum," 530 U.S. at 490, and not
to the Guidelines.  <u>United States v. Lawrence</u>, 308 F.3d 623, 634
(6th Cir. 2002)(citing <u>United States v. Garcia</u>, 252 F.3d 838, 843
(6th Cir. 2001)("<u>Apprendi</u> does not purport to apply to penalties in
excess of any particular range or based on any particular offense
level under the Sentencing Guidelines.") and <u>United States v.</u>
<u>Fields</u>, 251 F.3d 1041, 1043-44 (D.C. Cir. 2001)("<u>Apprendi</u> does not
apply to enhancements under the Sentencing Guidelines when the
resulting sentence remains within the statutory maximum."); <u>see also</u>
<u>United States v. Schulte</u>, 264 F.3d 656, 660 (6th Cir. 2001)
(rejecting contention that <u>Apprendi</u> should apply to guideline
enhancements even where the statutory maximum is not exceeded).

> Whether chosen by the judge or the legislature, the facts
> guiding judicial discretion below the statutory maximum
> need not be alleged in the indictment, submitted to the
> jury, or proved beyond a reasonable doubt. When a judge
> sentences the defendant to a mandatory minimum, no less
> than when the judge chooses a sentence within the range,
> the grand and petit juries already have found all the
> facts necessary to authorize the Government to impose the
> sentence. The judge may impose the minimum, the maximum,
> or any other sentence within the range without seeking
> further authorization from those juries--and without
> contradicting <u>Apprendi</u>.

<u>Harris v. United States</u>, 536 U.S. 545, 565 (2002).

This claim is specious.  The indictment recites sufficient specific facts to apprise Morris that he possessed approximately 205 grams of cocaine base with the intent to distribute and that he would be subject to the penalty provision of 21 U.S.C. § 841(b)(1)(B)(iii).  Morris, thus, has no credible claim that he was misled by the indictment's failure to reference a penalty provision. The principles of <u>Apprendi</u> are not implicated in this case where the Defendant pled guilty expressly waiving his right to trial knowing the drug quantity charged in the indictment and attributable to him, consented to a specific drug quantity in the summary of facts during the change of plea, and was not sentenced in excess of the statutory maximum.  The statutory maximum penalty for the offense of conviction, possession of more than 50 grams of cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1), is life imprisonment. Morris' sentence of 252 months imprisonment for the drug trafficking count did not exceed the prescribed statutory maximum.  He cannot establish any prejudice from counsel's failure to raise this <u>Apprendi</u> claim.  Issue two is DENIED.

<u>Issue Three</u>

Morris contends that the Government failed to disclose that the confidential informant utilized against him was arrested for an additional drug offense prior to the entry of the judgment in this case.  <u>Brady v. Maryland</u>, 373 U.S. 83 (1968), requires the Government to disclose to a criminal defendant evidence that is both favorable and material to guilt or punishment.  <u>See</u> <u>United States v. Presser</u>, 844 F.2d 1275, 1281 (6th Cir. 1988)(quoting <u>Pennsylvania</u>

10

v. Ritchie, 480 U.S. 39, 57 (1987)).  See also United States v. Bagley, 473 U.S. 667, 682 (1985).  Information is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Bagley, 473 U.S. at 682.  A "reasonable probability" of a different result is accordingly shown when the government's evidentiary suppression "undermines confidence in the outcome of the trial." Id. at 678.

Morris alleges that the subsequent arrest of the confidential informant occurred prior to the entry of judgment, not prior to his guilty plea or sentencing.  He, therefore, fails to establish any Brady material which should have been revealed.  The confidential informant did not testify at Morris' guilty plea or sentencing hearings.  Thus, any alleged information that might have been useful to cross-examine that party is irrelevant.  Because no testimony by the confidential informant was presented, the prosecution had no duty to disclose this information and trial counsel had no basis for demanding that it be revealed.  Furthermore, the Constitution does not require the prosecutor to share all useful information with the defendant.  United States v. Ruiz, 536 U.S. 622, 629 (2002)(citing Weatherford v. Bursey, 429 U.S. 545, 559 (1977)).  The Supreme Court noted that such an obligation could seriously interfere with the Government's interest in securing guilty pleas that are factually justified, disrupt ongoing investigations, and expose prospective

witnesses to serious harm.  <u>Ruiz</u>, 536 U.S. at 631.  Issue three is without merit and is DENIED.

<u>Issue Four</u>

Issue four was addressed and determined on appeal.  Further consideration of that claim is barred here.  "A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances."  <u>DuPont v. United States</u>, 76 F.3d 108, 110 (6th Cir. 1996).  The Sixth Circuit Court of Appeals reviewed the claim that the district court erred in not recognizing a combination of factors which would afford consideration for a downward departure and concluded:

> Our review of the record reveals nothing to suggest that the district court incorrectly believed that it could not consider defendant's mitigating circumstances and exercise its discretion to depart under the guidelines. In fact, the record is not ambiguous and reveals that the district court fully understood that it had the power to depart, and counsel concedes that the defendant's sentence does not violate the guidelines or federal law. Thus, this court lacks jurisdiction to review this issue. <u>See</u> <u>United States v. Moore</u>, 225 F.3d 637, 643 (6th Cir. 2000).

<u>United States v. Morris</u>, 2002 WL 1774225 at **1.

Morris attempts to recast issue four as a claim of ineffective assistance. The flaw in Defendant's argument as to his departure claim is that there is no right to a downward departure.  The Court's decision to grant that request is not only purely discretionary, but specifically insulated by statute from judicial review.  <u>See, e.g.</u>, <u>United States v. Dellinger</u>, 986 F.2d 1042, 1044 (6th Cir. 1993); <u>United States v. Davis</u>, 919 F.2d 1181, 1187 (6th Cir. 1990).

12

Errors that are not cognizable on direct appeal and that are not of constitutional dimension are generally not cognizable on a motion to vacate. Cf. Durrive v. United States, 4 F.3d 548 (7th Cir. 1993) (discussion of sentencing errors that may be challenged on direct, but not collateral, review); Scott v. United States, 997 F.2d 340, 342-43 (7th Cir. 1993)(same).  As the Court noted in Scott, 997 F.2d at 342-43: "Only extraordinary circumstances--for example, a district court's refusal to implement a provision of the Guidelines designed for the Defendant's benefit, coupled with 'cause' for not taking a direct appeal--even call for inquiry [under § 2255]."

In order to satisfy the prejudice prong of an ineffective assistance of counsel claim based upon a Guidelines issue, the petitioner must show that the lawyer's failure to pursue the issue actually affected the sentence. Durrive, 4 F.3d at 551.  Here, "even if counsel's performance were deficient, [the defendant] has not established that he was prejudiced." Kesman v. United States, No. 95-3594, 1996 WL 102418, **2 (6th Cir. Mar. 7, 1996).[2]  The record as a whole does not support Morris' allegation that the Court "assumed it lacked authority to depart downward." Judge McCalla specifically chose not to grant a downward departure. Morris cannot show "that the result of the proceedings would have been different" and cannot establish either ineffective assistance or the cause and

---

[2]    Although citation to unpublished Sixth Circuit precedents is disfavored, this case is referred to in the absence of clear published case law from this Circuit "because it establishes the law governing the present action and 'there is no [Sixth Circuit] published opinion that would serve as well.'" Norton v. Parke, 892 F.2d 476, 479 n.7 (6th Cir. 1989).

prejudice that depends on it.  Id. (citing Strickland, 466 U.S. at 687).

Counsel pursued a downward departure at sentencing and raised the district court's failure to grant that departure on direct appeal, although without success.  Morris advances no factual basis or legal argument which counsel could have but did not raise on direct appeal which would have altered the Sixth Circuit's determination.  Accordingly, Morris is unable to establish any deficient performance by counsel.  Issue four is also without merit and is DENIED.

Insofar as Morris contends that his attorney's failure to raise these issues at sentencing or on appeal rendered his guilty plea involuntary or caused his sentencing to be unfair, his motion is also devoid of merit.  He does not allege any defect in the guilty plea process.  Nor has he alleged any specific advice that his attorney extended that caused him to enter an involuntary guilty plea.  Thus, Morris has failed to demonstrate any way that his attorney's actions caused his guilty plea, sentencing hearing, or appeal to be fundamentally unfair or unreliable.  Morris cannot establish prejudice under Strickland or Fretwell.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255; see also Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts.  Therefore, the Court finds that a response is not required from the United States Attorney, and that the motion may be resolved without an evidentiary

14

hearing. United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986).  Defendant's convictions and sentences are valid and his motion is DENIED.

IV.  Appeals Issues

Consideration must also be given to issues that may occur if the Defendant files a notice of appeal.  Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.  Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability.  No § 2255 movant may appeal without this certificate.

Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997), held that district judges may issue certificates of appealability under the AEDPA.  The Court also held that AEDPA codifies in amended § 2253 the standard for issuing a certificate of probable cause found in prior § 2253, which was essentially a codification of Barefoot v. Estelle, 463 U.S. 880, 893 (1983).  See Lyons, 105 F.3d at 1073.

> [P]robable cause requires something more than the absence of frivolity . . . and the standard for issuance of a certificate of probable cause is a higher one than the 'good faith' requirement of § 1915. . . . [A] certificate of probable cause requires petitioner to make a substantial showing of the denial of [a] federal right. [A] question of some substance, or a substantial showing of the denial of [a] federal right, obviously [does not require] the petitioner [to] show that he should prevail on the merits.  He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

<u>Barefoot</u>, 463 U.S. at 893 (internal quotations and citations omitted). In this case, the Defendant's claims are clearly without merit and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore denies a certificate of appealability.

The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. <u>Hereford v. United States</u>, 117 F.3d 949, 951 (6th Cir. 1997); <u>cf.</u> <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal <u>in forma</u> <u>pauperis</u> in a § 2255 case, and thereby avoid the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917,[3] the prisoner must seek permission from the district court under Fed. R. App. P. 24(a). <u>Hereford</u>, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

Rule 24(a) states, in pertinent part that:

A party to an action in a district court who desires to proceed on appeal <u>in forma</u> <u>pauperis</u> shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress,

---

[3]    The fee for docketing an appeal is $450. <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

and a statement of the issues which that party intends to
present on appeal.

The Rule further requires the district court to certify in writing
whether the appeal is taken in good faith.  For the same reasons the
Court denies a certificate of appealability, the Court determines
that any appeal in this case would not be taken in good faith.  It
is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any
appeal in this matter by this Defendant is not taken in good faith,
and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 20th day of September, 2006.


                              s/ J. DANIEL BREEN
                              UNITED STATES DISTRICT JUDGE